UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKTON MOORE, | CV F- 03-6705 OWW DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| J.W. MOOR, et al., | |
| Defendants. | |

Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the court is plaintiff's original complaint filed on November 26, 2003.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28

1  U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend
2  may be granted to the extent that the deficiencies of the complaint can be cured by amendment.
3  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

4      In the instant case, plaintiff brings action against the following physicians employed at
5  Tehachapi State Prison: Dr. J.W. Moor, Dr. G.H. Embree, Dr. Baughman.  Plaintiff alleges that he
6  saw each of the defendant doctors on at least one occasion between June 23, 1995 and October 2,
7  2000 and was misinformed by each defendant regarding his medical condition.  He states that
8  defendants advised him that the only medication available for his extremely painful hemorrhoids was
9  suppositories and that surgery was not an option.  Plaintiff alleges that upon transfer to Folsom State
10 Prison in August 2002, he was sent to a specialist who performed surgery to remove the
11 hemorrhoids.  Plaintiff contends that defendants' failure to inform him of the surgical option and
12 failure to properly treat his condition constitutes deliberate indifference to a serious medical need in
13 violation of the Eighth Amendment.

14     A prisoner's claim of inadequate medical care does not constitute cruel and unusual
15 punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
16 needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves
17 an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
18 "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501
19 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of
20 mind," which entails more than mere negligence, but less than conduct undertaken for the very
21 purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a
22 deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
23 inmate health or safety." Id.

24     In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
25 civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere
26 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton
27 v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]
28

complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff claims that the treatment he has received was inadequate and he disagrees with the treatment.  He contends defendants should have offered surgery as an option for his painful condition.  These allegations are insufficient to state a claim.  Plaintiff alleges that he has been treated several times by the defendant-doctors.  Plaintiff has failed to allege that defendants knew of and disregarded a serious risk to plaintiff's health.  Rather, the doctors rendered treatment, though plaintiff considers the treatment insufficient.

The Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

1  complaint be complete in itself without reference to any prior pleading. This is because, as a
2  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d
3  55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer
4  serves any function in the case. Therefore, in an amended complaint, as in an original complaint,
5  each claim and the involvement of each defendant must be sufficiently alleged.
6          In accordance with the above, IT IS HEREBY ORDERED that:
7              1. Plaintiff's complaint is dismissed; and
8              2. Plaintiff is granted thirty days from the date of service of this order to file an
9  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
10 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
11 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
12 and two copies of the amended complaint; failure to file an amended complaint in accordance with
13 this order will result in dismissal of this action.
14         IT IS SO ORDERED.
15     **Dated:   May 9, 2006**                   **/s/ Dennis L. Beck**
   3b142a                                      UNITED STATES MAGISTRATE JUDGE