UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKTON MOORE, | CV F - 03-6705 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| J.W. MOOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**INTRODUCTION**

Plaintiff filed the original complaint on November 26, 2003. On May 10, 2006, the Court screened the complaint. The Court found the original complaint failed to state a claim for relief. Plaintiff's claim did not constitute cruel and unusual punishment under the Eighth Amendment because a claim for inadequate medical treatment does not rise to the level of deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, the Court dismissed the complaint in its entirety with leave to amend for failing to state a claim for relief under section 1983. Pending before the court is Plaintiff's amended complaint filed on May 24, 2006.

///

///

1

**SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915(A). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 79 (1984), citing, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). Reviewing under this standard, the Court must accept Plaintiff's allegations in his complaint are true. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the complaint in light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor. Jankins v. McKeithen, 395 U.S. 411, 421 (1969). Finally, the Court will find and recommend dismissal of Plaintiff's amended complaint, with prejudice, if the complaint fails to cure deficiencies.

**PLAINTIFF'S ALLEGATIONS**

In the amended complaint, Plaintiff alleges on June 23, 1993 he went to see Dr. J.W. Moor because he was having problems with bleeding and swelling in his rectum. Dr. J.W. Moor did not do an examination of his rectum and prescribed suppositories to Plaintiff for hemorrhoids. The doctor did not suggest surgery. On July 18, 1996, Plaintiff contends he saw Dr. G.H. Embree for more effective treatment because the suppository treatment was insufficient. Plaintiff alleges Dr. G.H. Embree told him there were no other adequate medications and to continue taking the suppositories. He also did not suggest surgery. Plaintiff

1  contends, on October 2, 2000 he went to see Dr. Baughman and requested hemorrhoid surgery.
2  Dr. Baughman denied Plaintiff's surgery request without giving him a rectum examination.
3  Plaintiff alleges that defendants' conduct in not recommending surgery caused him pain between
4  1993-2003.

5        Finally, Plaintiff contends Dr. Weiner examined him on March 12, 2003 and determined
6  he did not have a hemorrhoid, but had an anal fissure.  Plaintiff alleged Dr. Weiner recommended
7  for him to have the fissure surgically removed.  Plaintiff had surgery on July 12, 2003.

**D. ANALYSIS**

      Plaintiff was advised in the previous order, a prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  The "deliberate indifference" standard involves both a subjective and objective element.  First, the objective prong requires the alleged deprivation to be "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991).  Second, the subjective prong requires that the prison official acts with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 837.  This state of mind is more than mere negligence, but less than intentional conduct undertaken for the very purpose of causing harm. Id.  The prison official must know of and disregard an excessive risk to an inmates health or safety. Id.

      Additionally, as mentioned in the previous order, mere 'indifference,' negligence,' or 'medical malpractice' will not support a cause of action for an Eighth Amendment constitutional violation.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cira. 1990).  A prisoner's mere disagreement with diagnoses or treatment does not support a claim of

deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations, once again, fail to state a cognizable claim under the Eighth Amendment. Plaintiff alleges that each defendant performed inadequate medical treatment because they recommended suppositories rather than surgery. Such allegations of negligence and medical malpractice against a prison official do not amount to a constitutional violation under the Eighth Amendment. Broughton, 622 F.2d at 460, citing Estelle, 429 U.S. at 105-06. Thus, Plaintiff has failed stated a claim for relief under section 1983.

**E. CONCLUSION**

The Court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. The deficiencies in the complaint are not capable of being cured by amendment, and thus, leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). It is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: June 7, 2006            /s/ Dennis L. Beck
3b142a                         UNITED STATES MAGISTRATE JUDGE